[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This motion for summary judgment turns on a proper reading of our Supreme Courts opinion in Mingachos v. CBS, Inc. 196, Conn. 91. The plaintiff alleges in paragraph 5 of his amended complaint that his injuries were caused by the "willful and serious misconduct" of the defendant. This allegation is plainly based on the dictum contained in Jett v. Dunlap 179 Conn. 215, 221. Accordingly, the plaintiff claims to fall within the exception created in Jett to the rule that where an employee's injury is covered by the Workman's Compensation Act, statutory compensation is the sole remedy, Mancini v. Bureau of Public Works 167 Conn. 189, 193.
In Mingachos the court declined to adopt the dictum which it expressed in Jett as the formal exception to the general CT Page 563 rule. Instead, it limited the scope of the exception to one in which it has been alleged and proved that the employer's act is deliberate or intentional and designed to cause the injury that resulted, Id at 102.
The defendant has attached portions of the deposition of the plaintiff and the president of the defendant corporation which contain statements (albeit conclusory) that the defendant did not intend to injure the plaintiff. While recognizing that there was no such intent the plaintiff argues that it is enough if he creates a genuine issue of material fact as to whether there was a "substantial certainty" that the injury would ensue. On the state of the documentary record, the only positive evidence tending to link this case with the exception is the affidavit of the plaintiff's professional engineer wherein he states that the plaintiff's injuries "would be, sooner or later, a predictable and probable event" (emphasis added). The plaintiff argues that such a statement satisfies the "substantial certainty" standards suggested in the Restatement. (Second) Torts, Section A (1965). If this is the rule in Connecticut it is clear that "substantial certainty" is not tantamount to a "high probability of harm". Id at 103. As the court said in Mingachos at p. 108 "[s]ince the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot, under the almost unanimous rule . . . . . be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury." (Footnotes omitted.) 2A Larson, supra Section 68.13."
There is no genuine issue as to any material fact affecting liability since the plaintiff's documentary proof falls short of the standard necessary to entitle him to benefit from the exception. The motion is granted.
MOTTOLESE, J.